**JUDGE DANIELS**

KELLEY DRYE & WARREN LLP
William R. Golden, Jr.
Matthew D. Marcotte
101 Park Avenue
New York, New York 10178
(212) 808-7800
Attorneys for Plaintiff

**12 CV 4507**

**ECF CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AVON PRODUCTS, INC.,

    Plaintiff,

v.

MOROCCANOIL, INC.,

    Defendant.

---

Civil Action No. 

**COMPLAINT**

Plaintiff, AVON PRODUCTS, INC., as and for its Complaint against the above-named defendant, through its undersigned attorneys, Kelley Drye & Warren LLP, alleges, upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

## PARTIES

1. Plaintiff AVON PRODUCTS, INC. ("Avon") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 777 Third Avenue, New York, New York 10017.

2. Upon information and belief, defendant MOROCCANOIL, INC. ("MI"), is a corporation organized and existing under the laws of the State of California with a place of business located at 16311 Ventura Boulevard, Suite 1200, Los Angeles, California 91436. MI sells haircare and skincare products to retailers and salons located throughout the United States, including in this district.

## JURISDICTION AND VENUE

3.	This is an action for declaratory judgment and attorneys' fees.

4.	This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), 2201, and 2202, as it involves a claim arising under the Lanham Act, and also has supplemental jurisdiction under 28 U.S.C. § 1367 over claims arising under state law. The matter or controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.	Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) as defendant may be found or transacts affairs in this District, and the claims alleged arose and the facts on which the claims are based arose within this District and elsewhere.

## BACKGROUND

6.	Since 1886, Avon and its predecessor have been engaged, under the internationally renowned name and mark AVON, in the sale of cosmetics, fragrances, toiletries, and related beauty and wellness products and, for many years, have, among other things, been engaged in distributorship and direct sales services, door-to-door retail merchandising, telephone shop at home services, mail order catalog sales, and interactive internet sales, all in the fields of beauty care, salon and spa services, personal care products, toiletries, cosmetics, housewares, clothing, jewelry, gift items, collectibles, toys, pre-recorded videos, audio tapes, and compact discs throughout the United States and the rest of the world.

7.	Since long prior to the acts of defendant complained of herein, Avon has earned a reputation as one of the world's most reputable producers and distributors of cosmetics, fragrances, toiletries, jewelry, clothing, and related beauty and wellness products. Avon is renowned both for the quality of its products and its unparalleled customer service.

8. AVON products are exclusively available through limited authorized channels, namely, Avon's Independent Sales Representatives, who use catalogs, brochures, and other promotional material prominently branded with the AVON name and mark, and Avon's website, www.avon.com, to offer for sale and sell AVON products. AVON products are not sold in beauty parlors, salons, drug stores, department stores or other retail outlets, or via the web other than through Avon's website. Avon's unique channels of trade, coupled with the fame of the AVON name and mark, which appears on its products, makes crystal clear to consumers that AVON products purchased from Avon's Independent Sales Representatives or its website originate exclusively from Avon.

9. In 2000, Avon developed and launched a line of haircare products under the ADVANCE TECHNIQUES trademark. The AVON "ADVANCE TECHNIQUES" line includes shampoos, conditioners, hair treatments and tonics, hair gels, hair serums, and hair dyes. A photograph of representative products in the AVON "ADVANCE TECHNIQUES" line is attached hereto as Exhibit A.

10. Avon owns United States Trademark Registration No. 2,623,893 for the mark ADVANCE TECHNIQUES as used in connection with "haircare and hair styling Products, namely - hair shampoo, hair conditioner, hair spray, hair gel, mousse, hotoil treatment, protective spray mist for use with blow-dryers, and hair masques used for deep conditioning," which issued in 2002. The ADVANCE TECHNIQUES mark, as used on such haircare products, identifies Avon's products and distinguishes them from the products of others.

11. Particular products or groups of products within the AVON "ADVANCE TECHNIQUES" line, are designed to address different haircare concerns such as "Damage Repair," "Frizz Control," "Color Protection," and "Daily Shine." The most recent additions to

3

this line, which comprise the "360 Nourishment" subline, are depicted in Exhibit B attached hereto. The "360 Nourishment" subline currently includes a shampoo, a conditioner, and a leave-in treatment. All of the AVON ADVANCE TECHNIQUES "360 Nourishment" products display the descriptor "Moroccan Argan Oil" on the front label as appears in Exhibit B.

## MOROCCAN ARGAN OIL

12.  "Argan oil" is the oil extracted from the nut of the argan tree, an endangered species endemic to southwestern Morocco. It is the practice in the food and cosmetic industries to accurately identify oil products by using the name of the plant source from which the oil is derived as the modifier that characterizes the type of "oil." For instance, "corn oil" and "soybean oil" are the generic terms commonly used to accurately name oil products derived from corn and soybeans. "Argan oil" is the common and usual name for oil derived from the argan tree and has been recognized as such by the United States Food and Drug Administration.

13.  Argan oil is produced in Morocco, typically by women's cooperatives. These women's cooperatives not only help preserve the argan tree from excessive exploitation, but also help to support the women who are members of the cooperatives and their families by providing them with income and literacy and educational services that would otherwise be unavailable to them. Each of the AVON ADVANCE TECHNIQUES products in the new "360 Nourishment" subline contains argan oil originating from Morocco. The phrase "Moroccan Argan Oil" fairly and in good faith describes argan oil, an ingredient in Avon's aforesaid product, and its geographic origin in Morocco.

## MOROCCANOIL'S THREATS

14. MI advertises and sells a variety of hair treatment products under the purported trademark MOROCCANOIL exclusively through professional trade channels such as hair salons. On information and belief, these products contain argan oil that originates from Morocco.

15. On March 8, 2007, Ofer Tal, an individual, filed an intent-to-use application in the United States Patent and Trademark Office to register a designation formed by combining the geographic term "Moroccan" and the generic term "oil" into a single word, "MoroccanOil." "MoroccanOil" was claimed as a trademark for haircare products.

16. On June 19, 2007, the Patent and Trademark Office issued an initial office action, refusing registration to the claimed mark on the basis that it was merely descriptive of an oil originating from Morocco.

17. The application was changed from an intent-to-use application to one based on alleged acquired distinctiveness through use in the United States. On or about December 20, 2007, Mr. Tal submitted a conclusory declaration to the USPTO in support of the claim of acquired distinctiveness, asserting, *inter alia:*

- That since December of 2006, haircare products had been sold in the United States under the purported MOROCCANOIL mark under license from Mr. Tal;

- That distributors and consumers recognized MOROCCANOIL as a source indicator; and

- That Mr. Tal and his licensees had made substantially exclusive use of the term MOROCCANOIL in connection with haircare products.

18. Upon information and belief, certain of the statements contained in Mr. Tal's declaration were false. Indeed, Mr. Tal provided no affirmative evidence in the form of testimonials from consumers, surveys, or other even colorable evidence to support his conclusory

5

statement that distributors and consumers recognized the purported MOROCCANOIL trademark as a source identifier rather than a description of an ingredient.

19. The designation MOROCCANOIL is merely descriptive as applied to hair treatment or cosmetic products that contain argan oil originating from Morocco.

20. The purported MOROCCANOIL mark as applied to hair treament or cosmetic products has never acquired secondary meaning or distinctiveness as an indication of source of origin.

21. Despite the lack of evidence of acquired distinctiveness, the PTO allowed Mr. Tal's application to proceed to registration based on the statements made in his declaration, and a registration based on that application issued on August 5, 2008. Mr. Tal then assigned that registration to MI.

22. Almost immediately thereafter, MI embarked on a campaign of litigation, filing suits alleging trademark infringement against parties who were using the terms "Moroccan" and "oil" accurately to identify an ingredient in their haircare products and related goods. Indeed, MI presently has in excess of 20 suits pending asserting that parties are infringing its purported MOROCCANOIL marks. Among these are:

- *MoroccanOil, Inc. v. Vogue International*, No. 2:10-CV-10048-DMG-AGR, filed on December 29, 2010 in the Central District of California, alleging that defendants' sale of a product labeled as containing "Moroccan Argan Oil" infringed on MO's rights;

- *MoroccanOil, Inc. v. Jaros Drugs, Inc.*, No. 1:12-CV-3158-JMF, filed on April 20, 2012 in this district, alleging infringement of its MOROCCANOIL trademark; and

- *MoroccanOil, Inc. v. Beauty King, Inc.*, No. 1:11-CV-7306-ALC-DCF, filed on October 17, 2011 in this district, alleging infringement of its MOROCCANOIL trademark.

MI has also filed numerous other litigations in this district over the past several years asserting its trademark rights have been violated which have been dismissed or otherwise resolved. MI has not hesitated to file suit in various districts, having filed suits in, *inter alia*, the Eastern

District of Texas, the District of New Jersey, and the Southern District of Florida, in an effort to protect its purported trademark rights.

23.     On April 5, 2012, MI's attorneys at Conkle, Kremer & Engel, a firm in the United States, sent a letter to Avon's corporate offices in New York City and Avon's Canadian intellectual property counsel, protesting the use of the descriptor "MOROCCAN ARGAN OIL" as part of the composite word mark ADVANCE TECHNIQUES 360 NOURISH MOROCCAN ARGAN OIL in Canada, and alleging that Avon's use of that phrase in its mark would infringe upon MI's purported rights. The letter called upon Avon to both withdraw its application for that mark and to "confirm that you have ceased and will permanently cease any further use of the ADVANCE TECHNIQUES 360 NOURISH MOROCCAN ARGAN OIL mark." A copy of that letter is attached hereto as Exhibit C. One of MI's lawyers subsequently made a follow-up telephone call to a lawyer in Avon's New York City headquarters.

24.     MI's history of litigation against parties who use the terms "Moroccan," "Moroccan Argan Oil," or "Moroccan Oil" in connection with haircare products, coupled with MI's specific threats to take action against Avon's use of the designation ADVANCE TECHNIQUES 360 NOURISH MOROCCAN ARGAN OIL in connection with such products, have caused Avon to have a reasonable apprehension that once it begins selling the products shown in Exhibit B hereto, MI will file suit against Avon.

## FIRST CAUSE OF ACTION
### Declaratory Judgment of Non-Violation of Federal Law

25.     Avon incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 with the same force and effect as if here fully set forth.

26.     MOROCCANOIL is merely descriptive of a hair treatment product containing oil originating from Morocco and is incapable of functioning as a trademark.

7

27. Alternatively, the purported MOROCCANOIL mark is descriptive of MI's aforesaid products and has not obtained secondary meaning or distinctiveness as an indication of source of origin.

28. Avon is set to launch the advertising and sale in the United States of its "360 Nourishment" subline of haircare products displaying the term "Moroccan Argan Oil" fairly and in good faith to describe argan oil, an ingredient in Avon's aforesaid products, and the geographic origin of that argan oil in Morocco.

29. Based on the foregoing allegations, there exists between the parties a controversy of sufficient immediacy and reality to warrant declaratory relief.

30. Pursuant to 28 U.S.C. § 2201, Avon is entitled to the issuance of a declaratory judgment declaring that its use of the term "Moroccan Argan Oil" on haircare products is a fair use within the meaning of § 33(b)(4) of the Lanham Act, 15 U.S.C. § 1115(b)(4), does not violate the Lanham Act, 15 U.S.C. §§ 1051 *et. seq.*, and does not constitute infringement, dilution, or unfair competition with respect to any purported rights claimed by MI.

## SECOND CAUSE OF ACTION
### Declaratory Judgment of Non-Violation of State Law

31. Avon incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 with the same force and effect as if here fully set forth.

32. Pursuant to 28 U.S.C. § 2201, Avon is entitled to the issuance of a declaratory judgment declaring that its use of the term "Moroccan Argan Oil" on haircare products to indicate that those products contain argan oil originating from Morocco does not violate the common law of the State of New York relating to trademark infringement, unfair competition, and trademark dilution with respect to any common law rights claimed by MI.

WHEREFORE, Avon prays for relief and judgment as follows:

1. Declaring that Avon's use of "Moroccan Argan Oil" to indicate that its products as shown in Exhibit B contain argan oil originating from Morocco constitutes a fair use within the meaning of Section 33(b)(4) of the Lanham Act, 15 U.S.C. § 1115(b)(4), and alternatively, does not constitute infringement, dilution, or unfair competition with respect to any rights claimed by MI under the Lanham Act, 15 U.S.C. §§ 1051 *et. seq.*

2. Declaring that Avon's use of "Moroccan Argan Oil" to indicate that its products as shown in Exhibit B contain argan oil originating from Morocco does not violate the common law of the State of New York relating to trademark infringement, unfair competition, and trademark dilution with respect to any common law rights claimed by MI;

3. For Avon's reasonable attorneys' fees;

4. For all costs and disbursements; and

5. That Avon have such further relief as this Court may deem just and proper.

Dated: June 8, 2012
New York, New York

KELLEY DRYE & WARREN LLP
Attorneys for Plaintiff Avon Products, Inc.

By: _____
William R. Golden, Jr.
Matthew D. Marcotte
101 Park Avenue
New York, New York 10178
(212) 808-7800

Of Counsel:

John M. Bergin, Esq.
Avon Products, Inc.